IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 9 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ARCALIA VELEZ, § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. B-02-067 |
| § | |
| NDAMC, L.L.C., § | |
| Defendants. § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Plaintiff, Arcalia Velez and the Defendant, NDAMC, L.L.C., and jointly files their Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure and shows the Court the following:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

RESPONSE: Telephonic meetings and correspondence via facsimile conducted on the 8th day of August, 2002, between the following:

    Louis S. Sorola, Attorney-in-Charge for the Plaintiff, Arcalia Velez ;

    Dennis M. Sanchez, Attorney-in-Charge for the Defendant, NDAMC, L.L.C.;

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

RESPONSE: To date, there are no cases related to this one that are pending in any state or federal court.

3. **Specify the allegation of federal jurisdiction.**

1

RESPONSE:   The Court has jurisdiction over the lawsuit pursuant to 29 U.S.C.A. § 1001 et seq., Employment Retirement Income Security Act of 1974 (ERISA).

  **4.** **Name the parties who disagree and the reasons.**

RESPONSE:   None.

  **5.** **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

RESPONSE:   At this time, no additional parties will be added.

  **6.** **List anticipated interventions.**

RESPONSE:   No interventions are anticipated.

  **7.** **Describe class-action issues.**

RESPONSE:   There are no class-action issues.

  **8.** **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

RESPONSE:   Neither party has made initial disclosure and both parties anticipate making their initial disclosures within 20 days of this Court's ruling on Louis S. Sorola's, Motion to Withdraw as Attorney in Charge.

  **9.** **Describe the proposed agreed discovery plan, including:**

    **A.** **Responses to all the matters raised in Rule 26(f).**

RESPONSE:   The parties will conduct discovery on both liability and damages issues. Written discovery will likely be exchanged within 40 days of the date of this Joint Discovery/Case Management Plan.

  **B. When and to whom the plaintiff anticipates it may send interrogatories.**

RESPONSE: Plaintiff intends to send interrogatories and requests for production to Dennis M. Sanchez, Attorney-in-Charge for the Defendant, seven (7) days after the Courts ruling on Louis S. Sorola's, Motion to Withdraw as Attorney in Charge.

  **C. When and to whom the defendant anticipates it may send interrogatories.**

RESPONSE: Defendant, NDAMC, L.L.C., intends to send interrogatories and requests for production to Louis S. Sorola, Attorney-in-Charge for the Plaintiff, seven (7) days after the Courts ruling on Louis S. Sorola's, Motion to Withdraw as Attorney in Charge.

  **D. Of whom and by when the plaintiff anticipates taking oral depositions.**

RESPONSE: Plaintiff anticipates taking no oral depositions at this time.

  **E. Of whom and by when the defendant anticipates taking oral depositions.**

RESPONSE: Defendant intends to take Plaintiff's deposition and treating doctors' depositions before November 31, 2002.

  **F. When the plaintiff (or the party with the burden of proof on issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

RESPONSE: Plaintiff will be able to designate experts within 90 days of the date of this Joint

Discovery/Case Management Plan and provide the expert reports within 120 days of the date of this Joint Discovery/Case Management Plan.

Defendant, NDAMD, L.L.C., will be able to designate experts within 150 days of the date of this Joint Discovery/Case Management Plan and provide the expert reports within 180 days of the date of this Joint Discovery/Case Management Plan.

**G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

RESPONSE:  None.

**H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26 (a) (2)(B) (expert report).**

RESPONSE:  Treating doctors by November 31, 2002.

**10.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals or each party.**

RESPONSE:  The parties are agreed on all parts of the discovery plan.

**11.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

RESPONSE:  No discovery beyond initial disclosures has been undertaken.

**12.   State the date the planned discovery can reasonably be completed.**

RESPONSE:  Undetermined based upon the pending motion to withdraw.

**13.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

RESPONSE: The parties have agreed to mediation but cannot agree on a time frame for the mediation.

**14. Describe what each party has done or agreed to do to bring about a prompt resolution.**

RESPONSE: Plaintiff and Defendant have discussed settlement and Louis S. Sorola strongly encouraged his client to accept what was considered a generous offer. Plaintiff failed to understand the law and refused to accept the settlement.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

RESPONSE: The parties have agreed to mediation but cannot agree on a time frame for the mediation.

**16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

RESPONSE: All parties agree to have the case heard before the magistrate judge.

**17. State whether a jury demand has been made and if it was made on time.**

RESPONSE: A jury demand was made timely.

**18. Specify the number of hours it will take to present the evidence in this case.**

RESPONSE: Plaintiff anticipates it will take 2 hours to present the evidence in her case in chief; Defendant, anticipates it will take 2 hours to present the evidence in their case in chief.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

5

RESPONSE:  Louis S. Sorola's, Motion to Withdraw as Attorney in Charge.

**20.    List other motions pending.**

RESPONSE:  None.

**21.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

RESPONSE:  There are no other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**22.    List the names, bar numbers, addresses and telephone numbers of all counsel.**

RESPONSE:  Louis S. Sorola
Sorola & Garcia, P.L.L.C.
Texas Bar No. 00794990
Fed Id No. 19533
2355 Barnard, Suite A
Brownsville, Texas 78520
Telephone number: (956) 504-2911
Facsimile number: (956) 544-7766
Attorney-in-Charge for
Plaintiff, Arcelia Velez

Dennis M. Sanchez
Sanchez, Whitting, Janis & Zabarte, L.L.P.
Texas Bar No. 17569600
Fed Id No. 1594
100 North Expressway 83
Brownsville, Texas 78521-2284
Telephone number: (956) 546-3731
Facsimile number: (956) 546-3765
Attorney-in-Charge for
Defendant, NDAMC, L.L.C.

Counsel for Plaintiff _____ Date 8-7-02

Counsel for Defendant _____ Date 8-7-02