*17*

In The
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

United States District Court
Southern District of Texas
FILED

NOV 1 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ARCADIA VELEZ, | § § § |
| Plaintiff | § § |
| Vs. | § § § |
| ND A.M.C., L.L.C., | § § § § |
| Defendant. | § |

C.A. NO. B-02-067

DEFENDANT ND A.M.C., L.L.C.'S MOTION FOR LEAVE TO FILE
AMENDED ANSWER - FIRST

TO THE HONORABLE JUDGE OF SAID COURT:

1.   COMES NOW, DEFENDANT, ND A.M.C., L.L.C. ("NARDI")in the above case and files this its Motion for Leave to File Amended Answer - First, pursuant to Federal Rule of Civil Procedure 15, and in support thereof would respectfully show unto the Court as follows:

### I INTRODUCTION

2.   This cause came before the Court on removal from the 138th Judicial District Court of Cameron County, Texas. Prior to removal, Defendant had on file with the District Clerk of Cameron County an Original Answer to Plaintiff's Original Petition. Said answer was in the form of a general denial of Plaintiff's alleged

claims. Defendant now requests the Court to grant it leave to file an amended answer to more specifically address each of Plaintiff's alleged claims.

## II ARGUMENT

3.　Plaintiff's Original Petition, Plaintiff's complaint, outlines detailed factual allegations in support of her claim. However, as stated above, Defendant's Original Answer was in the form of a general denial as permitted in State Court. Defendant now requests leave of Court to file a more detailed answer to Plaintiff's allegations in conformity with Federal Rule of Civil Procedure 8(b). Attached hereto as Exhibit A is Defendant ND A.M.C., L.L.C.'s Amended Answer - First, and by way of reference is incorporated herein for all purposes.

4.　This motion is not brought for the purposes of delay, and will not cause any surprise or prejudice to Plaintiff. Defendant brings this motion to aid the Court in its examination of the facts of this case and the law applicable to those facts.

## III PRAYER FOR RELIEF

5.　WHEREFORE, Defendant ND A.M.C., L.L.C. requests that the Court grant leave to file Defendant's Amended Answer - First in this cause, and that after filing of said answer deny Plaintiff any and all recovery against Defendant and dismiss Plaintiff's complaint with prejudice, compel this cause to arbitration as

provided for in Defendant's Amended Answer - First, and grant any and all further relief to which Defendant may be entitled.

Respectfully submitted,

By: _____
Dennis Sanchez
SBN: 17569600
Fed. ID: 1594
CCBN:    2004
SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, TX 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 546-3766 - Fax

ATTORNEYS FOR
ND A.M.C., L.L.C.

CERTIFICATE OF SERVICE

I served a copy of this document on counsel of record, to-wit: Ms. Arcadia Velez, *pro se*, 24 East 8th Street, Brownsville, TX 78520; by both first class mail and first class certified mail, on November _8_, 2002.

_____
Dennis Sanchez

In The
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

| | |
|---|---|
| ARCADIA VELEZ, § | |
| § | |
| Plaintiff § | |
| § | |
| Vs. § | |
| § | |
| § | C.A. NO. B-02-067 |
| ND A.M.C., L.L.C., § | |
| § | |
| Defendant. § | |

**DEFENDANT ND A.M.C., L.L.C.'S AMENDED ANSWER - FIRST**

## I INTRODUCTION

1. COMES NOW DEFENDANT ND A.M.C., L.L.C.("NARDI") in the above case, and reserving the right to file other and further pleadings, motions, and denials, files this answer and would respectfully show the court the matters stated below. References herein to the "paragraph" refer to the numbered paragraphs in *Plaintiff's Original Petition*, plaintiff's complaint, filed in the state district court March 6, 2002, before this case was removed on April 5, 2002. Plaintiff asserts claims relating to an employee benefit plan subject to the *Employee Retirement Income Security Act* (the "Act" or "ERISA"). Defendant demands a jury as to any issue triable to a jury.

L:\D19\19687\First Amended Answer.wpd            Page 1 of 6

## II  SUBJECT MATTER JURISDICTION

### A.  Final and Binding Arbitration

2.  Plaintiff's claims and causes of action are subject to defendant's Alternative Dispute Resolution Program, enacted pursuant to the *Federal Arbitration Act*, which provides for mediation, final and binding arbitration, or both.

3.  Plaintiff's claims and causes of action are all preempted by the *Employee Retirement Income Security Act* (the "Act" or "ERISA").

## III  AFFIRMATIVE DEFENSES

### A.  Final and Binding Arbitration

4.  Plaintiff's claims and causes of action are subject to defendant's Alternative Dispute Resolution Program, enacted pursuant to the *Federal Arbitration Act*, which provides for mediation, final and binding arbitration, or both. Defendant herewith files a motion to compel arbitration.

### B.  Statute of Limitations and Laches

5.  Any and all claims and causes of action asserted by plaintiff based on events occurring more than two (2) years before plaintiff filed this complaint are barred by limitations.

6.  Any and all claims and causes of action asserted by plaintiff not barred by limitations are barred by laches.

### C. Mitigation

7. Plaintiff has failed to mitigate her damages.

### IV RESPONSES TO PLAINTIFF'S ALLEGATIONS

8. Regarding plaintiff's allegations in paragraph 1, concerning discovery, plaintiff is not entitled to discovery herein or otherwise to proceed because plaintiff's claims and causes of action are subject to defendant's Alternative Dispute Resolution Program, enacted pursuant to the *Federal Arbitration Act*, which provides for mediation, final and binding arbitration, or both.

9. Regarding plaintiff's allegations in paragraph 2, concerning plaintiff's residence, defendant has insufficient information either to admit or deny plaintiff's allegation. Further, as stated in paragraph 2, above, plaintiff's claims and causes of action are subject to defendant's Alternative Dispute Resolution Program, enacted pursuant to the *Federal Arbitration Act*, which provides for mediation, final and binding arbitration, or both.

10. Regarding plaintiff's allegations in paragraph 3, concerning the identity and nature of defendant, and defendant's registered agent for service, defendant admits same.

11. Regarding plaintiff's allegations in paragraphs 4-6, concerning jurisdiction and venue in this court, defendant denies same for reasons stated in paragraphs 2 and 3 above.

12. Regarding plaintiff's allegations in paragraph 7, concerning the identity and nature of defendant, and defendant's principal place of business, defendant admits same.

13. Regarding plaintiff's allegations in paragraph 8, concerning alleged unlawful employment practices, defendant denies same.

14. Regarding plaintiff's allegations in paragraph 9, concerning plaintiff's gender and citizenship, defendant admits plaintiff is female, but has insufficient information either to admit or to deny matters regarding plaintiff's citizenship.

15. Regarding plaintiff's allegations in paragraph 10, concerning plaintiff's original date of employment, defendant admits plaintiff was initially hired in 1999.

16. Regarding plaintiff's allegations in paragraph 11, concerning the time plaintiff was employed by defendant, defendant admits plaintiff was employed continuously for a time period including the initial date of employment in 1999 to January 14, 2002.

17. Regarding plaintiff's allegations in paragraph 12, concerning Texas Worker's Compensation Insurance, defendant admits that at the time relevant it did not have such insurance.

18. Regarding plaintiff's allegations in paragraphs 13-15, concerning plaintiff's alleged on the job injury on or about

January 14, 2002, defendant has insufficient information either to admit or to deny such allegations.

19. Regarding plaintiff's allegations in paragraph 16, concerning plaintiff's communication to management on or about January 15, 2002 regarding the alleged on the job injury referred to in paragraphs 13-15, defendant admits plaintiff told management she was injured on the job on or about said date.

19. Regarding plaintiff's allegations in paragraph 17, concerning plaintiff's going to a doctor for treatment on or about January 16, 2002, defendant has insufficient information either to admit or to deny such allegation.

20. Regarding plaintiff's allegations in paragraphs 18 and 19, concerning termination of plaintiff's employment on or about February 25, 2002, defendant denies such allegations.

21. Regarding plaintiff's allegations of negligence by defendant in paragraph 20, defendant denies all such allegations.

22. Regarding plaintiff's allegations in paragraphs 21 and 22 concerning damages sustained by plaintiff's and plaintiff's entitlement to attorney's fees, defendant denies plaintiff is entitled to any compensation for any damages, attorney's fees, or any other compensation as alleged therein.

23. Regarding the final unnumbered paragraph, such paragraph is a prayer for relief to which no response is required, but to the

extent that such paragraph may contain factual allegations, those allegations are denied.

24. Any matters in plaintiff's complaint which are not specifically admitted or denied herein, are hereby denied.

### V   PRAYER FOR RELIEF

25. WHEREFORE, defendant prays the court dismiss plaintiff's complaint with prejudice, enter and order referring this case to alternative dispute resolution as provided by defendant's Alternative Dispute Resolution Program; and, that the court award defendant such other and further relief as is proper and just.

Respectfully submitted,

By: _____
Dennis Sanchez
SBN: 17569600
Fed. ID: 1594
CCBN:   2004
SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, TX 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 546-3766 - Fax

ATTORNEYS FOR
ND A.M.C., L.L.C.

### CERTIFICATE OF SERVICE

I served a copy of this document on counsel of record, to-wit: Ms. Arcadia Velez, *pro se*, 24 East 8th Street, Brownsville, TX 78520; by both first class mail and first class certified mail, on November _8_, 2002.

_____
Dennis Sanchez